**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOTO SUBAGYO,

        Petitioner,

   v.

ERIC H. HOLDER Jr., Attorney General,

        Respondent.

No. 07-70464

Agency No. A096-347-835

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Toto Subagyo, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JLA/Research

and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We grant in part and deny in part the petition for review.

The agency's finding that the harm Subagyo suffered did not constitute past persecution is supported by substantial evidence.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *Zehatye*, 453 F.3d at 1186 (government seizure of a business, absent a threat to life or freedom, does not rise to the level of persecution).  However, in analyzing Subagyo's fear of future persecution under the disfavored group analysis, the BIA appears to have erroneously required a showing of past persecution in order to show an individualized risk.  *See Sael v. Ashcroft*, 386 F.3d 922, 927, 929 (9th Cir. 2004); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1183-84 (9th Cir. 2003) (threats and violence that do not amount to past persecution may still demonstrate individualized risk); *see also Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009).  Accordingly, we remand to the BIA for proper consideration of his withholding of removal claim under the disfavored group analysis.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Subagyo failed to establish that it is more likely than not that he will be tortured. *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003).

The parties shall bear their own costs.

**PETITION FOR REVIEW GRANTED in part and REMANDED; DENIED in part.**